IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| BRENDA L. SMOAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:16-cv-03272-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*,[1] | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Brenda L. Smoak's ("Smoak") application for Supplemental Security Income ("SSI"). Smoak filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Smoak filed an application for SSI on December 11, 2013,[2] alleging disability beginning on January 3, 2007, which was later amended to August 1, 2015. The Social

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Smoak filed a previous application for SSI on December 12, 2007, which was denied by administrative law judge ("ALJ") Ann Paschall on February 23, 2010, finding Smoak's degenerative joint disease of the left hip status post replacement and depression

1

Security Agency denied Smoak's claims initially and on reconsideration. Smoak requested a hearing before an ALJ, and ALJ Gregory M. Wilson held a hearing on April 15, 2016.

The ALJ issued a decision on June 15, 2016, finding Smoak not disabled under the Social Security Act. Smoak requested Appeals Council review of the ALJ's decision. The Appeals Council denied Smoak's request for review, rendering the ALJ's decision the final decision of the Commissioner. On September 30, 2016, Smoak filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on October 12, 2017, recommending that this court affirm the ALJ's decision. Smoak filed objections to the R&R on October 19, 2017, to which the Commissioner responded on November 1, 2017. The matter is now ripe for the court's review.

B. **Medical History**

Because Smoak's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Smoak was born on January 13, 1961, and was fifty-three years old on the alleged onset date. She has a high school education[3] and past relevant work experience as a fast food cook and housekeeper.

C. **ALJ's Findings**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

severe, producing a residual functional capacity ("RFC") for light exertion, at the unskilled level, with occasional public contact. Tr. 71–77.
[3]  Smoak completed the twelfth grade in 1977; however, she did not graduate from high school because she did not have enough credits. Tr. 22. She attended a training program to become a nursing assistant, but she did not finish the program. Tr. 36. In December 2012, Smoak completed a culinary arts program. Tr. 250.

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents her from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both [her] remaining physical and mental capacities" (defined by her RFC) and her "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Smoak was disabled beginning August 1, 2015. The ALJ first determined that Smoak did not engage in substantial gainful activity during the period at issue. Tr. 11. At the second step, the ALJ found that Smoak suffered from the following severe impairments: status post hip replacement surgery, obesity, asthma, diabetes mellitus, degenerative disc disease, arthritis of the bilateral hands, chronic pain

3

syndrome, and depression. Tr. 11. At step three, the ALJ found that Smoak's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 12–14; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Smoak had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c). Tr. 14. Specifically, the ALJ found that Smoak was limited to frequently pushing or pulling with her left lower extremity; frequently handling and fingering bilaterally with her upper extremities; never climbing ropes, ladders, or scaffolds; occasionally climbing ramps and stairs; frequently balancing, stooping, kneeling, crouching, and crawling; avoiding concentrated exposure to temperature extremes, fumes, odors, dust, gases, and workplace hazards; and performing simple, one or two-step tasks, with frequent contact with the public. Tr. 14. The ALJ found at step four that Smoak was unable to perform past relevant work as a fast food cook and housekeeper. Tr. 22. Finally, at step five, the ALJ determined that, considering Smoak's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 22–23.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

### III. DISCUSSION

Smoak objects to the R&R, asserting that the magistrate judge erred in finding that the ALJ: (1) properly considered the opinions of the agency's non-examining physicians, Drs. Hopkins and Junkers, (the "non-examining physicians") in determining Smoak's exertion limitations; and (2) properly accorded limited weight to the previous ALJ decision issued in 2010, which found that Smoak could lift and carry only 20 pounds occasionally and 10 pounds frequently. Pl.'s Objs. 4, 6. Specifically, Smoak claims that the ALJ improperly substituted his own medical opinion in determining that Smoak had the RFC to occasionally lift 50 pounds. Id. at 4. In opposition, the Commissioner

contends that Smoak's objections concerning the ALJ's RFC assessment re-argue the same points which were already fully presented to and thoroughly considered by the magistrate judge. Def.'s Resp. 1–2.

An ALJ shall "consider the state agency physician assessments as opinion evidence." Smith v. Colvin, Civil Action No. 6:15-1489-TLW-KFM, 2016 WL 4150755, at *19 (D.S.C. May 31, 2016) (citing 20 C.F.R. § 404.1527(e)(2)(i)) ("State agency medical . . . consultants . . . are highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation. Therefore, [ALJs] must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether you are disabled."). However, the testimony of a state agency, non-examining physician "cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is 'contradicted by all of the other evidence in the record.'" Bowman v. Colvin, No. 0:15-cv-01782-DCN, 2016 WL 5539515, at *4 (D.S.C. Sept. 30, 2016) (emphasis omitted) (quoting Martin v. Sec'y of Health, Educ. & Welfare, 492 F.2d 905, 908 (4th Cir. 1974)); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) (stating that the opinions of a non-examining physician must be consistent with the record as a whole to constitute substantial evidence). Furthermore, the regulations reserve the RFC assessment to the ALJ. See Huggins v. Astrue, C.A. No. 8:10-2680-HMH-JDA, 2012 WL 527616, at *6 (D.S.C. Feb. 15, 2012) (citation omitted) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.").

In the instant case, on February 28, 2014, non-examining physician Dr. Hopkins opined that Smoak was limited to light exertional work, particularly that Smoak is limited to occasionally lifting and carrying 20 pounds and frequently lifting and carrying 10 pounds. Tr. 96. Subsequently, on July 7, 2014, Dr. Junker affirmed Dr. Hopkins's opinion with respect to Smoak's limitations in her ability to lift or carry no more than 20 pounds. Tr. 114. However, in the ALJ's RFC determination, the ALJ discounted Drs. Hopkins's and Junker's opinions, finding Smoak capable of lifting and carrying up to 50 pounds. Tr. 14.

As stated above, although the Commissioner must consider the agency's non-examining physicians' opinions, the Commissioner holds the ultimate responsibility for determining a claimant's RFC. 20 C.F.R. § 404.1527(d)(2); Smith-Williams v. Berryhill, Case No.: 2:16-cv-03556, 2017 WL 1284961, at *9 (S.D.W. Va. Mar. 6, 2017) (citation omitted) ("While Claimant may disagree with the ALJ's RFC finding, the determination of a claimant's RFC is ultimately the province of the ALJ as the representative of the Commissioner."). "'The reviewing court's sole responsibility is to determine whether the ALJ's determination of the claimant's RFC is rational and based on substantial evidence.'" Id. (quoting Hays, 907 F.2d at 1456). The court finds Smoak's contention that the ALJ should have accorded greater weight to the non-examining physicians' findings unpersuasive. The court agrees with the magistrate judge that the ALJ properly determined Smoak's RFC, despite the fact he accorded little weight to the non-examining physicians' opinions, because such determination was supported by substantial evidence outlined by the ALJ in his decision. See Tr. 18 (citing Tr. 576 (On January 2, 2015, Dr. Mewborn documented normal range of motion and no edema)); id. (citing Tr. 611 (On

August 4, 2015, Joy Dunlap, PA, documented that Smoak is ambulating normally)); id. (citing Tr. 614 (On June 2, 2015, Dr. Knowles documented normal tone and motor strength, normal movement of all extremities and tenderness (left upper back TTP, no swelling noted)); id. (citing Tr. 639 (On October 21, 2015, Dr. Knowles documented normal tone and motor strength, normal movement of all extremities, and no cyanosis or edema and opined that Smoak needed only conservative treatment for her complaints)); id. (citing Tr. 649 (On February 3, 2016, Dr. Knowles documented normal tone, motor strength, and ambulation)); id. (citing Tr. 651 (On January 11, 2016, Lorraine Archer, FNP, documented normal tone and motor strength; no contractures, malalignment, tenderness, or bony abnormalities; normal movement in all extremities; and no cyanosis, edema, or varicosities)); id. (citing Tr. 413, 417, 431 (Doctors' notes supporting the ALJ's statement that "the radiographic evidence shows only minimal findings regarding [Smoak's] scoliosis and degenerative spinal condition, and an image of [Smoak's] left hip showed no degenerative changes after the arthroscopic surgery")).

With respect to the weight assigned to the 2010 ALJ decision, the magistrate judge correctly noted that the 2010 decision was issued almost five years before the alleged disability date at issue in the instant case and that it was premised mainly on Smoak's 2008 hip replacement surgery. The ALJ and the magistrate judge properly addressed Albright v. Commissioner, 174 F.3d 473 (4th Cir. 1999), and the Social Security Administration's Acquiescence Ruling 00-1(4) (S.S.A.), 2000 WL 43774 (Jan. 12, 2000), which requires the ALJ to consider certain factors if a prior claim has been

8

decided by an ALJ or the Appeals Council.[4] See Tr. 20–21; R&R 10–11 n.9. The magistrate judge accurately determined that the ALJ reviewed and considered the intervening record and medical evidence in determining Smoak's RFC in 2015 and that the ALJ sufficiently explained how and why he afforded only limited weight to Smoak's RFC from 2010. R&R 10–11 (quoting Tr. 19–20) (referencing the ALJ's statement that "'[f]ive years of improvement in treatment tactics and procedure, plus time for [Plaintiff's] left hip impairment do [sic] continue its recovery past replacement surgery, suggests that [Plaintiff's] medical condition improved[,]'" and noting that Smoak's most recent progress reports demonstrate that she possessed "'normal'" strength, full range of motion, and no tenderness). Therefore, Smoak's objections lack merit.

---

[4] The following factors must be considered by an ALJ if a prior claim has been decided by an ALJ or Appeals Council:
> (1) whether the fact on which the prior finding was based was subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that had elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provided a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Hall v. Berryhill, C/A No.: 2:16-583-BHH-MGB, 2017 WL 2805045, at *12 n.12 (D.S.C. June 13, 2017), adopted in 2017 WL 2797513 (D.S.C. June 28, 2017).

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**December 12, 2017
Charleston, South Carolina**